UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERIAL, LLC,

        Plaintiff,

v.                                Case No. 8:09-cv-2022-T-33AEP

AFFORDABLE PET VACCINATION
COMPANY,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Dispositive Motion for Default Judgment (the "Motion" Doc. # 5), which was filed on January 16, 2010. In the Motion, Plaintiff requests a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion.

**I.  Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a

1

properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Analysis**

Plaintiff initiated this action on October 5, 2009, by filing a one-count complaint alleging that Defendant owes Plaintiff $161,644.12, together with interest thereon at the rate of 12% per annum, on an open account. (Doc. # 1).[1] The record reflects that Defendant's registered agent, Lori Moore,

---

[1] Plaintiff submits that 12% is calculated to $53.14 per diem until the date of the judgment. (Doc. # 5 at 9); (Doc. # 5-5).

was served with process on October 26, 2009. (Doc. # 3).

On November 16, 2009, non-party Lori A. Conde, DMV, filed a purported answer to the complaint stating only as follows: "I am responding to the above case filed by the Plaintiff, Merial LLC against my company, Affordable Pet Vaccination Co. I do not agree with the facts of the case. As a result of this case, I will be forced to file for bankruptcy in the next 30 days." (Doc. # 4). On January 25, 2010, the Court entered an order striking the purported answer from the record and giving Defendant, a corporation, time to hire an attorney and file a proper answer. (Doc. # 7). Defendant failed to hire an attorney and never filed a proper answer to the compliant.

On March 2, 2010, the Clerk entered a default against Defendant pursuant to Rule 55(a), Fed.R.Civ.P. Based upon the Clerk's Default and the well-pleaded factual allegations contained in the Complaint, it has been established that Defendant owes Plaintiff $161,644.12 plus prejudgment interest at $53.14 per diem.[2] Plaintiff is also entitled to recover

---

[2] The date that the obligation of $161,644.12 was originally due was July 20, 2008. As the Court enters its Judgment against Defendant today, March 30, 2010, Plaintiff is entitled to 618 days of prejudgment interest at the per diem rate of $53.14. Accordingly, Plaintiff is entitled to $32,840.52 in prejudgment interest.

its Rule 54(d)(1) costs.[3]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Dispositive Motion for Default Judgment (Doc. # 5) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of Plaintiff in the principal amount of $161,644.12 plus prejudgment interest in the amount of $32,840.52, for a grand total of **$194,484.64**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of March 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

---

[3] Plaintiff has not requested an award of attorney's fees.